ALVAH E. LEAVITT v. THE JUDGE OF THE SUPERIOR COURT
OF DETROIT.

*Mandamus to enforce stipulation to settle case.*

Mandamus does not lie to enforce a disputed stipulation to settle a case
even though money has been paid thereunder. The parties to the
stipulation are entitled to have the fact as to the settlement tried on
a regular issue before a jury; and if the validity of the stipulation
is contested it should be brought into the case by plea and not by
motion.

Mandamus.    Submitted Feb. 5.    Denied Feb. 6.

*F. A. Baker* and *H. M. Cheever* for the writ.

*Stewart & Galloway* against.

PER CURIAM.    Relators ask a mandamus the purpose of
which is to give effect to a stipulation signed by the par-
ties to a litigation pending in the Superior Court of the
city of Detroit, and which was to settle and discontinue
such litigation. It seems that a sum of money was paid
when the stipulation was signed, but the party receiving the
money claims that his signature was improperly obtained,
and he refuses to abide by it, though he has not returned the
money. Relators claim that the stipulation is not success-
fully impeached, and they also claim that it is affirmed by
the money not being returned. The judge of the Superior
Court refused to give effect to the stipulation by directing
a discontinuance to be entered.

The case is a peculiar one and involves somewhat compli-
cated facts, but we agree with respondent that the questions
arising could not be determined in favor of the relators on
a summary hearing. The parties were entitled to have the
question of the settlement tried upon a regular issue, and to
submit the issue to a jury if they saw fit to do so. The
stipulation, if its validity was contested, should be brought
into the case by plea ; not by motion.

Writ denied.